**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan Manuel TAPIA–VELASQUEZ, Defendant—Appellant.**

No. 04–10645.

D.C. No. CR–03–00353–PMP(PAL).

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Darin Lahood, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Juan Manuel Tapia–Velasquez appeals the 46–month sentence imposed following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we remand.

Tapia–Velasquez contends that his sentence violates the Sixth Amendment because it was enhanced on the basis of a prior felony conviction which was neither admitted to by him nor alleged in the indictment. This claim is foreclosed by *United States v. Moreno–Hernandez,* 419 F.3d 906, 914–15 n. 8 (9th Cir.2005) (holding that an 8 U.S.C. § 1326(b) sentence enhancement based on the fact of a prior conviction for assault raised no Sixth Amendment problems). However, because Tapia–Velasquez was sentenced under the mandatory guidelines, we remand the case for further proceedings consistent with *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). *See Moreno–Hernandez,* 419 F.3d at 915–16 (extending

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Ameline's* limited remand procedure to non-constitutional *Booker* error).

**REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.